# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | : | |
| | : | Case Number 12-60636 |
| | : | |
| **GEORGE MICHAEL RILEY, SR.** | : | Judge John E. Hoffman, Jr. |
| | : | |
| Debtor. | : | Chapter 7 |
| | : | |

___

| | | |
|---|---|---|
| **COMMODORE BANK** | : | Adversary Proceeding |
| | : | No. _____ |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **GEORGE MICHAEL RILEY, SR.,** | : | |
| | : | |
| Defendant. | : | |

___

### COMPLAINT FOR (1) DETERMINATION OF DISCHARGEABIILITY OF DEBT UNDER 11 U.S.C. §523, AND (2) DETERMINATION OF DEBTOR'S ENTITLEMENT TO A DISCHARGE UNDER 11 U.S.C. §727

COMES NOW Commodore Bank, herein ("Plaintiff"), by and through its undersigned counsel, as and for its Complaint against Defendant George Michael Riley, Sr. ("Defendant") for (1) determination of the dischargeability of Defendant's debt to Plaintiff under 11 U.S.C. §523, and (2) determination of Defendant's entitlement to a discharge generally under 11 U.S.C. §727, hereby alleges as follows:

### BACKGROUND

1. On December 14, 2012, Defendant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this proceeding and the parties thereto pursuant to 28 U.S.C. §§ 157 and 1334, and the general orders of the United States District Court for the Southern District of Ohio. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for relief are 11 U.S.C. §§ 523(a)(2), 727(c) and Federal Rules of Bankruptcy Procedure 4004, 4007, 7001(4) and 7001(6).

4. Defendant is the debtor in this Chapter 7 case and, upon information and belief, resides at 594 Moull Street, Apt. 12, Newark, Ohio 43055.

5. Commodore Bank is a state-chartered Ohio bank, with its principal place of business in Perry County, Ohio.

6. Plaintiff is a creditor of the Defendant.

7. This is an adversary proceeding to determine the dischargeability of Defendant's debt to Plaintiff and the Defendant's entitlement to a discharge of his debts generally.

## COUNT I

### NONDISCHARGEABILITY OF DEBT TO PLAINTIFF UNDER 11 U.S.C. §523(a)(2)

8. Plaintiff incorporates the allegations of paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. In the first quarter of 2005, Defendant and a company owned and controlled by Defendant executed three written promissory notes in favor of Plaintiff with corresponding security agreements, true and accurate copies of which are attached hereto as Exhibit 1.

10. Pursuant to the terms of the three promissory notes, Plaintiff loaned Defendant and entities owned or controlled by Defendant a total of $547,836, which loans were guaranteed to be repaid to Plaintiff by Defendant. Defendant and the entities he owned and/or controlled

2

subsequently defaulted on the promissory notes, and despite repeated requests for payment, Defendant failed to repay the loans.

11. Based on Defendant's breach and refusal to repay the loans and Defendant's fraud in connection with obtaining those loans, Plaintiff filed suit in the Licking County, Ohio Court of Common Pleas, Case No. 05CV0562 (the "Licking County Case"), alleging breach of contract and fraud.

12. In December of 2006, Plaintiff and Defendant entered into a Settlement Agreement in the Licking County Case. A true and accurate copy of that Settlement Agreement is attached hereto as Exhibit 2.

13. Pursuant to the terms of the Settlement Agreement, Defendant agreed to immediately transfer real estate, equipment, and cash to Plaintiff and to also execute a promissory note by which he would pay Plaintiff an additional $367,000 plus interest. Only upon complete and total satisfaction of the payments, terms and conditions of the Settlement Agreement would Plaintiff release and discharge all claims and liabilities against Defendant.

14. Defendant failed to fulfill any of the obligations set forth in the Settlement Agreement, and subsequently claimed the Settlement Agreement was not valid.

15. Plaintiff thereafter moved to enforce the terms of the Settlement Agreement, and on March 20, 2007, Licking County Common Pleas Court Magistrate issued an Order enforcing the terms of the Settlement Agreement against the Defendant. *See* Exhibit 3 attached hereto. The Magistrate's Order enforcing settlement was approved and adopted by the Licking County Common Pleas Judge on April 6, 2007. *See* Exhibit 4 attached hereto.

16. After Defendant still refused to thereafter comply with the Settlement Agreement, including but not limited to his obligation to transfer certain equipment to Plaintiff and to make the required payments on the $367,000 promissory note, Plaintiff filed a second action for breach

3

of contract and fraud, this time in Perry County Common Pleas Court, Case No.: 07CV00395 (the "Perry County Case").

17. On or about November 7, 2007, Plaintiff obtained a default judgment against Defendant in the amount of $367,000 plus interest at the rate of 5.75 per annum in the Perry County Case. *See* Exhibit 5 attached hereto. Defendant has refused and failed to pay the judgment.

18. On or about December 14, 2012, Defendant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Ohio.

19. Contemporaneous with Plaintiff's attempts to enforce its civil remedies against Defendant in the Licking County Case and the Perry County Case, Defendant pled guilty to Count III of a federal indictment that he "knowingly did make materially false statements in documents submitted to Commodore Bank". *See* Exhibit 6 attached hereto.

20. Defendant's debt to Plaintiff is for money and/or property obtained by Defendant as a result of false pretenses, a false representation or actual fraud other than a statement respecting Defendant's financial condition.

21. Defendant obtained money and/or property from Plaintiff by use of a statement in writing that was materially false.

22. Plaintiff reasonably relied upon Defendant's materially false statements in making the loans evidenced by the aforementioned three (3) promissory notes.

23. At the time Defendant filed bankruptcy, the debt he owed to Plaintiff exceeded $300,000.00.

24. Defendant obtained the three loans from Plaintiff by 1) false pretenses, a false representation, and/or actual fraud, and/or 2) used statements in writing that were materially

4

false, on which the Plaintiff reasonably relied which the Defendant caused to be made or published with intent to deceive. The Court should therefore determine that Defendant's debt to Plaintiff is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2).

## COUNT II

### DETERMINATION OF DEFENDANT'S ENTITLEMENT TO A DISCHARGE UNDER 11 U.S.C. §727(c)

25. Plaintiff incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Defendant filed, under penalty of perjury, schedules of his assets and liabilities in connection with this chapter 7 case (the "Schedules") on January 10, 2013. A copy of the Schedules is attached hereto as Exhibit 7.

27. In the Schedules, Defendant listed the following under the category of "stock and interests in incorporated and unincorporated business:

- United Waste Services, Inc. (out of Business – no value)     $ 0.00

- Sole member Residential, Commercial and Industrial Services, LLC (newly formed) LLC; no contracts pending)     $ 0.00

28. In the Schedules, Defendant also stated that he owned no interests in partnerships or joint ventures. *See* Exhibit 7 attached hereto.

29. On October 25, 2012, Defendant filed a Complaint for Divorce in the Licking County Court of Common Pleas, Case No. 12-DR-1340 (the "Divorce Case"). A copy of the complaint initiating the Divorce Case is attached hereto as Exhibit 8.

30. On January 2, 2013, Defendant filed an Affidavit of Property in the Divorce Case. *See* Exhibit 9 attached hereto.

5

31. On the Affidavit of Property filed in the Divorce Case, Defendant listed "Mike Riley Sole Proprietorship" as an asset under the category of "Closely Held Stocks and Other Business Interests". *See* Exhibit 9 attached hereto at §II. E, p. 3.

32. Defendant did not list "Mike Riley Sole Proprietorship" as an asset on the Schedules.

33. The Affidavit of Property filed in the Divorce Case listed an unsecured debt allegedly owed to Gutknecht Construction for $96,000.00. *See* Exhibit 9 attached hereto at § IV.B, p. 6.

34. Defendant listed no debt to Gutknecht Construction in the Schedules.

35. The Affidavit of Property was filed in the Divorce Case subsequent to the filing of Defendant's chapter 7 petition and eight (8) days prior to the filing of Defendant's Schedules.

36. Plaintiff is informed and believes, and therefore alleges, that as of the commencement of this chapter 7 proceeding, Defendant owns and/or controls interests in one or more incorporated businesses, unincorporated businesses, partnerships and/or joint ventures not listed in the Schedules.

37. Defendant's failure to include his ownership interests in all incorporated business, unincorporated businesses, partnerships and/or joint ventures in the Schedules was a deliberate omission of a material matter constituting a false oath or account in connection with Defendant's chapter 7 case.

38. Defendant failed to disclose his interests in all incorporated and unincorporated businesses, partnerships and/or joint ventures with the intent to mislead creditors and the trustee appointed to administer Defendant's bankruptcy estate as to Defendant's true financial condition, or with reckless disregard for the truth with respect to one or more matters material to Defendant's chapter 7 case.

WHEREFORE, Plaintiff prays that the entry of judgment against Defendant as follows:

A. That the Court determine that Defendant's debts to Plaintiff are nondischargeable pursuant to 11 U.S.C. §523(a);

B. That the Court determine that Defendant's debts are not dischargeable as a result of Defendant knowingly and fraudulently making a false oath in connection with this bankruptcy case pursuant to 11 U.S.C. §727(a)(4).

C. For an award of attorneys' fees as allowable by law in an amount the Court determines appropriate;

D. For costs of suit herein incurred; and

E. For such other and further relief as the Court deems just and proper.

Dated: March 13, 2013

Respectfully submitted,

DINSMORE & SHOHL LLP

*/s/ Tim Robinson*
Tim Robinson (OH# 0046668)
191 W. Nationwide Blvd., Suite 300
Columbus, OH 43215
Telephone: (614) 628-6880
Facsimile: (614) 628-6890
tim.robinson@dinsmore.com

and

Gary E. Becker (OH# 0012716)
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
gary.becker@dinsmore.com

*Counsel for Plaintiff, Commodore Bank*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing *Complaint for (1) Determination of Dischargeability of Debt Under 11 U.S.C. §523, and (2) Determination of Debtor's Entitlement to a Discharge Under 11 U.S.C. §727* has been served on the parties set forth below on the 13th day of March, 2013, electronically to all parties authorized to receive service pursuant to this Court's ECF notification system:

**Via ECF**:

Michael T. Gunner – hilliardlaw@hotmail.com
Frederick Ransier – fransier@vorys.com
Office of the U.S. Trustee - ustpregion09.cb.ecf@usdoj.gov

**Via U.S. Mail**:

George M. Riley, Sr.
594 Moull Street, Apt. 12
Newark, OH  43055

*/s/ Tim Robinson*
Tim Robinson (OH# 0046668)