# EXHIBIT 3

Mar 20 07 12:28p Magistrate 740 670-5889 p.2

# IN THE COURT OF COMMON PLEAS, LICKING COUNTY, OHIO

Commodore Bank,

    Plaintiff,

Vs.

United Waste Services, Inc., et al.,

    Defendants.

CASE NO. 05 CV 562

MAGISTRATE'S ORDER

This matter is before the Court on Plaintiff's Motion to Enforce Settlement Agreement. Counsel for Plaintiff was present. A representative of Plaintiff was present. Defendants failed to appear. Eric Wittenberg, Counsel for the corporate Defendants, did not appear. Marcus Dunn, Counsel for the individual Defendants, did not appear. The hearing was set by Court employee Amber Bush after personally contacting all attorneys associated with the case. Attorney Wittenberg made it known to the Court that he was not planning to appear for the Oral Hearing. On March 14, 2007, Attorney Dunn sent correspondence to the Court via facsimile indicating that he received no notice of the hearing. The correspondence is attached hereto as Exhibit "A."

While it does appear that the Notice of Hearing sent by this Court was issued to all counsel except for Mr. Dunn, his letter makes it clear that he had actual notice of the hearing at least two days before it was to be held. Ms. Bush indicates, contrary to Mr. Dunn's letter, that his office was contacted by telephone when she originally scheduled the hearing. Ms. Bush did not inform Mr. Dunn's staff that the individual Defendants were not a party to the action, but did indicate that their may have been some confusion when the notices were sent due to the signatory line of the settlement agreement.

Judge
Thomas M. Marcelain
740-670-5777

Judge
Jon R. Spahr
740-670-5770

Courthouse
Newark, OH 43055

1

The litigation in this matter has been protracted. The Court file displays the Defendants concerted effort to delay the resolution of the case. Since Defense Counsel knew about the hearing, the proper means of having it rescheduled would be a Motion to Continue. No such Motion was filed.

Inasmuch as the Defendants failed to appear for the Oral Hearing, the Court hereby accepts the evidence submitted with Plaintiff's Motion. No other evidence or testimony was taken. Based upon the arguments of the parties in their respective memoranda, the Court makes the following determination: Commodore Bank's Motion To Enforce The Settlement Agreement is hereby GRANTED. This Court finds that the terms of the Settlement Agreement between the parties (which is attached to the Motion) are enforceable and Defendants are hereby ORDERED to immediately comply with the terms of the Settlement Agreement, including, but not limited to:

1. Pursuant to paragraph 2 of the Settlement Agreement, deliver the signed Promissory Note to Commodore Bank in the principal amount of $367,000. Defendants shall immediately begin making payments to Commodore Bank pursuant to the terms of the Promissory Note;

2. Cooperate fully with Commodore Bank, and undertake all reasonable efforts, to cause the Licking County Sheriff to transfer the $90,000 in cash seized by the Sheriff's Department from Defendant George Michael Riley to be transferred to Commodore Bank; and

3. Immediately provide Commodore Bank with a list of equipment owned by Defendants whose fair market value is in the aggregate equivalent to the principal amount of the Promissory Note. This list shall include the Chieftain 400 Power Screen (Serial No. 6904231),

2

Jumbo Eagle 1200 Crusher (Serial No. 10821), and 977 Caterpillar Loader (Serial No. 11k3797) (which are subject to this Court's Order Granting Commodore Bank's Motion for Prejudgment Attachment and the Orders Amending the Prejudgment Attachment Order), as well as a Hazemag crusher, Model No. APSE 1010Q, Serial Number HU 1584 and its associated power screen. Pursuant to the terms of the Settlement Agreement, title in this equipment, as well as any other equipment in the list provided to Commodore Bank, shall immediately pass to Commodore Bank as of the signing of this Order.

Further, this Court takes notice that Defendants have partially-performed the Settlement Agreement by transferring title to the real property at 257 Cornell Rd. in Hebron, Ohio to Commodore Bank. Consequently, Defendants no longer have any title to or interest in the real property at 257 Cornell Rd.

IT IS SO ORDERED.

*C. Daniel Hayes, Magistrate*

cc:

Peter J. Georgiton
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth St.
Cincinnati, Ohio 45202

James R. Cooper, Esq.
Morrow Gordon & Byrd, LTD
33 West Main Street
P.O. Box 4190
Newark, Ohio 43055

3

Eric J. Wittenberg, Esq.
Krupman, Golden, Meizlish, Marks & Wittenberg
923 E. Broad Street
Columbus, Ohio  43205-1101

Benjamin S. Zacks, Esq.,
Zacks Law Group, LLC
33 South James Road, Third Floor
Columbus, Ohio  43213

4

cc:    Susan B. Zaunbrecher, Esq., Gary E. Becker, Esq., Peter J. Georgiton, Esq.
Dinsmore & Shohl LLP, 1900 Chemed Center, 255 East Fifth Street
Cincinnati, Ohio 45202 - Attorneys for Plaintiff Commodore Bank

James R. Cooper, Esq.
Morrow Gordon & Byrd, LTD, 33 W. Main Street, P.O. Box 4190
Newark, Ohio 43055 - Attorney for Plaintiff Commodore Bank

Benjamin S. Zacks, Esq.
Zacks Law Group LLC, 33 South James Road, third Floor
Columbus, Ohio 43213 - Attorney for Defendants

Eric J. Wittenberg, Esq.
Adams, Babner, and Gitlitz, LLC, 5003 Horizons Drive, Suite 200
Columbus, Ohio 43220 - Attorney for Defendants

# EXHIBIT 4

**COURT OF COMMON PLEAS**
**LICKING COUNTY, OHIO**

LICKING COUNTY
COMMON PLEAS COURT

| | |
|---|---|
| COMMODORE BANK | Case No. 05CV0562 |
| | 2007 APR -6 A 11: 24 |
| Plaintiff, | Judge Marcelain |
| | FILED |
| vs. | GARY R. WALTERS |
| | CLERK |
| UNITED WASTE SERVICES, INC., et al. | **JUDGMENT ENTRY** |
| Defendants. | |

The above captioned case is before the Court on the review of Magistrate Hayes' Order, filed March 20, 2007, granting Plaintiff Commodore Bank's ("Commodore Bank's") Motion to Enforce Settlement ("Motion"). This Court takes notice that no objections to Magistrate Hayes' Order were filed by Defendants within 14 days of the filing of the Magistrate's Order, as required by Civ. R. 53(D)(3)(b)(i). The Court has independently reviewed the Magistrate's Order and finds the Order to be devoid of legal errors or any other defects. Accordingly, the Court approves the same, and adopts the Magistrate's Order in this matter. Pursuant to the parties' settlement and the Magistrate's Order enforcing the settlement, the Licking County Sheriff is hereby ORDERED to immediately transfer to Commodore Bank the $90,000 in cash obtained from Defendant George "Mike" Riley.

IT IS SO ORDERED.

_____                                   _____
Date                                              Judge Marcelain

# EXHIBIT 5

NOV-08-2007 12:24 PM PERRY.CO.CLERK.OF.COURTS 1 740 342 5527 P.02

IN THE COURT OF COMMON PLEAS
PERRY COUNTY, OHIO

RECEIVED
PERRY COUNTY

2007 NOV -7 PM 1: 44

TIMOTHY J. WOLLENBERG
CLERK OF COURTS

COMMODORE BANK : Case No. 07-CV-00395

Plaintiff, : Judge Linton D. Lewis

vs. : **ENTRY GRANTING COMMODORE BANK'S MOTION FOR DEFAULT JUDGMENT**

GEORGE M. RILEY, et al., :

Defendants. :

Pursuant to Rule 55(A) of the Ohio Rules of Civil Procedure, and for good cause shown, the Court hereby grants Plaintiff Commodore Bank's Motion for Default Judgment. On Counts I and II and IV of the Complaint, Defendants George M. Riley, United Waste Services, Inc., Palm Beach Property Associates, LLC, American Aggregates Corp. USA, Ireland Equipment Company Corp. USA, Fitzgerald Sanitation, Jiffy-Jon Portable Toilets, Continental Industries, Inc., R&F Company Of Lansing, Inc., Eagle Industries Of Columbus, Inc., Black Diamond Demolition, Ltd. are hereby ORDERED to pay Plaintiff the amount of $367,000, plus interest at 5.75 percent, attorneys' fees, and costs, and to immediately return to Plaintiff the Jumbo Eagle 1200 Crusher (serial no. 10821), Hazemag Crusher (serial no. HU1584), with power screen, and the backhoe, tow truck and Mercedes convertible last stored at 10171 Milldam Road in Licking County, Ohio. Plaintiff is also hereby granted judgment on liability against the same defendants on Counts III, V, and VI of the Complaint, and a hearing will be set to determine what damages are owed Plaintiff on these additional counts.

Judge Linton D. Lewis, Jr.

1. Jury Trial
2. Court Trial
3. Settled or dismissed prior to trial Dismissal
4. Dismissal for lack of speedy trial want of prosecution
5. Default (including cognovits)
6. Diversion or arbitration
7. Guilty or no contest plea to original charge
8. Guilty or no contest plea to reduced charge
9. Unavailability of accused for trial or sentencing
10. Transfer to another judge or court
11. Referral to a private judge
12. Bankruptcy Stay or Interlocutory appeal
Other terminations

Exh. 1

11/08/2007 THU 11:29 [TX/RX NO 6622] @002

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

VS. : NO. 2:08CR-155

GEORGE MICHAEL RILEY

18 U.S.C. §1014
18 U.S.C. §2

INDICTMENT

THE GRAND JURY CHARGES:

COUNT 1

On or about January 27, 2005, in the Southern District of Ohio, GEORGE MICHAEL RILEY knowingly did make materially false statements in documents submitted to Commodore Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, as part of an applications for a bank loan, for the purpose of influencing the action of said bank to approve the loans, in that GEORGE MICHAEL RILEY stated and represented in said application documents that: 1) the loan was needed to finance the purchase of a Chieftan 400 Power Screen, serial number 6904231 for use in his business operations of United Waste and the John Doe Subsidiaries, and 2) the purchased equipment would be collateral for the loan; whereas in truth and fact, as GEORGE MICHAEL RILEY well knew, the monies from the bank loan was not going to be used to finance the purchase of the power screen for his business but was going to be used for the purchase of property at Buckeye Lake, Ohio, specifically a home at 257 Cornell Road, Hebron, Ohio resulting in a lack of collateral for

the loan.

In violation of 18 U.S.C. §§1014 and 2.

## COUNT 2

On or about February 23, 2005, in the Southern District of Ohio, GEORGE MICHAEL RILEY knowingly did make materially false statements in documents submitted to Commodore Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, as part of an applications for a bank loan, for the purpose of influencing the action of said bank to approve the loans, in that GEORGE MICHAEL RILEY stated and represented in said application documents that: 1) the loan was needed to finance the purchase of a 2003 977 Caterpillar Loader, serial number 11K3797 for use in his business operations of United Waste and the John Doe Subsidiaries, and 2) the purchased equipment would be collateral for the loan; whereas in truth and fact, as GEORGE MICHAEL RILEY well knew, the monies from the bank loan was not going to be used to finance the purchase of the Caterpiller Loader for his business but was going to be used for the purchase of property at Buckeye Lake, Ohio, specifically a home at 257 Cornell Road, Hebron, Ohio resulting in a lack of collateral for the loan.

In violation of 18 U.S.C. §§1014 and 2.

## COUNT 3

On or about March 15, 2005, in the Southern District of

Ohio, GEORGE MICHAEL RILEY knowingly did make materially false statements in documents submitted to Commodore Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, as part of an applications for a bank loan, for the purpose of influencing the action of said bank to approve the loans, in that GEORGE MICHAEL RILEY stated and represented in said application documents that: 1) the loan was needed to finance the purchase of a Jumbo Eagle Crusher, serial number 10821 for use in his business operations of United Waste and the John Doe Subsidiaries, and 2) the purchased equipment would be collateral for the loan; whereas in truth and fact, as GEORGE MICHAEL RILEY well knew, the monies from the bank loan was not going to be used to finance the purchase of the Jumbo Crusher for his business but was going to be used for the purchase of property at Buckeye Lake, Ohio, specifically a home at 257 Cornell Road, Hebron, Ohio resulting in a lack of collateral for the loan.

In violation of 18 U.S.C. §§1014 and 2.

A TRUE BILL:

/S/
FOREPERSON

GREGORY G. LOCKHART
United States Attorney

William E. Hunt
First Assistant U.S. Attorney

3

AO 245B (Rev. 06/05) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Southern District of Ohio at Columbus

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**GEORGE MICHAEL RILEY** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **2:08-CR-155**<br><br>USM Number: 67725-061<br><br>SAMUEL SHAMANSKY<br>Defendant's Attorney |

**THE DEFENDANT:**

[✓] pleaded guilty to count(s): 3 of the Indictment .
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1014 & 2 | Making a False Statement on a Bank Loan Application | 03/15/05 | 3 |

    The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ .

[✓] Count(s) 1 & 2 of the Indictment (is)(are) dismissed on the motion of the United States.

    IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

June 24, 2009
Date of Imposition of Judgment

*s/George C. Smith*
Signature of Judicial Officer

**GEORGE C. SMITH, United States Senior District Judge**
Name & Title of Judicial Officer

June 24, 2009
Date

AO 245B (Rev. 06/05) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 2:08-CR-155 | Judgment - Page 2 of 6 |
| DEFENDANT: | GEORGE MICHAEL RILEY | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 24 months .
**SENTENCE TO RUN CONCURRENTLY WITH SENTENCE IMPOSED IN LICKING COUNTY COMMON PLEAS COURT CASE NUMBER 07CR342 PURSUANT TO §5G1.3(b). SENTENCE TO BEGIN AS OF THE DATE DEFENDANT BEGAN HIS STATE SENTENCE, SEPTEMBER 18, 2008.**

[ ]    The court makes the following recommendations to the Bureau of Prisons:

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before 2:00 p.m. on _____.
      [ ] as notified by the United States Marshal but no sooner than
      [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 2:08-CR-155 | Judgment - Page 3 of 6 |
| DEFENDANT: | GEORGE MICHAEL RILEY | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependants and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 2:08-CR-155 | Judgment - Page 4 of 6 |
| DEFENDANT: | GEORGE MICHAEL RILEY | |

The defendant shall participate in a mental health assessment and/or counseling, as directed by the U.S. Probation Office, until such time as the Defendant is released from such program by the probation office.

The defendant shall provide the probation officer access to all requested financial information.

AO 245B (Rev. 06/05) Sheet 5 - Criminal Monetary Penalties

| | | Judgment - Page 5 of 6 |
|---|---|---|
| CASE NUMBER: | 2:08-CR-155 | |
| DEFENDANT: | GEORGE MICHAEL RILEY | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | **$ 547,836.00 |

** **DEFENDANT SATISFIED HIS RESTITUTION OBLIGATION PRIOR TO SENTENCE** **

An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[ ]  The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ ____ | $ ____ | |

[ ]  Restitution amount ordered pursuant to plea agreement  $____

[ ]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✓]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [✓]  The interest requirement is waived for the    [ ] fine    [✓] restitution.

  [ ]  The interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 06/05) Sheet 6 - Criminal Monetary Penalties

| CASE NUMBER: | 2:08-CR-155 | Judgment - Page 6 of 6 |
|---|---|---|
| DEFENDANT: | GEORGE MICHAEL RILEY | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [✔] Lump sum payment of $ $100.00 due immediately, balance due

    [ ] not later than    or
    [ ] in accordance with    [ ] C,    [ ] D, [ ] E, or    [ ] F below; or

B [✔] Payment to begin immediately (may be combined with    [ ] C    [ ] D, or    [ ] F below); or

C [ ] Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D [ ] Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:

    [ ] If the defendant, while incarcerated, is working in a non-UNICOR or grade 5 UNICOR job, the defendant shall pay $25.00 per quarter toward defendant's monetary obligation. If working in a grade 1-4 UNICOR job, defendant shall pay 50% of defendant's monthly pay toward defendant's monetary obligation. Any change in this schedule shall be made only by order of this Court.

    [ ] After the defendant is released from imprisonment, and within 30 days of the commencement of the term of supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of the monetary penalty. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several (Defendant and Co-Defendant names and Case Numbers, Total Amount, Joint and Several Amount and corresponding payee, if appropriate.):

[ ] The defendant shall pay the cost of prosecution.
[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.